# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KNOW YOUR IX, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Elisabeth D. DEVOS, in her official capacity as U.S. Secretary of Education, et al.,<br><br>*Defendants*,<br><br>FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION, INDEPENDENT WOMEN'S LAW CENTER, and SPEECH FIRST, INC.,<br>[*Proposed*] *Intervenor-Defendants*. | Civil Action No. 1:20-cv-1224-RDB |

## ANSWER OF [PROPOSED] INTERVENORS
## FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION,
## INDEPENDENT WOMEN'S LAW CENTER, AND SPEECH FIRST, INC.

Proposed Intervenors, Foundation for Individual Rights in Education, Independent Women's Law Center, and Speech First, Inc., answer Plaintiffs' complaint, Doc. 1, as follows:

1.      The allegations in Paragraph 1 of the complaint contain conclusions of law which require no answer. Footnote one at the end of the third sentence cites statutes; those statutes speak for themselves and are evidence of their own contents, to the extent that the characterization in the complaint differs from this evidence that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 1 of the complaint; thus, they are deemed denied.

1

2.      The allegations in Paragraph 2 of the complaint contain conclusions of law which require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 2 of the complaint; thus, they are deemed denied.

3.      Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 3 of the complaint; thus, they are deemed denied.

4.      Paragraph 4 of the complaint proports to discusses the contents of the New York Times article cited in footnote 2. That document and the quotes contained therein speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 4 of the complaint; thus, they are deemed denied.

5.      Paragraph 5 of the complaint purports to discuss the contents of a speech cited in Footnote 3 of the complaint. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 5 of the complaint; thus, they are deemed denied.

6.      Paragraph 6 of the complaint contains allegations relating to public comments submitted in response to a Notice of Proposed Rule Making. Those comments speak for themselves and are evidence of their own contents. To the extent

that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 6 of the complaint; thus, they are deemed denied.

7.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 7 of the complaint that relate to the federal government's motivations or the ability of students to learn online during a pandemic; these allegations are therefore deemed denied. Proposed Intervenors deny the remaining factual allegations in Paragraph 7 of the complaint.

8.     The first and second sentences of Paragraph 8 discuss studies. Those studies speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 8 of the complaint.

9.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 9. Those allegations are therefore deemed denied.

10.     Paragraph 10 of the complaint contains legal conclusions, and conclusions of law do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 10 of the complaint.

11.     The allegations in Paragraph 11 of the complaint contain conclusions of law which require no answer. Proposed Intervenors deny the remaining factual allegations in Paragraph 11 of the complaint.

12.     The allegations in Paragraph 11 of the complaint contain conclusions of law which require no answer. The second sentence cites to federal regulations. These documents speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

13.     The Allegations in Paragraph 13 of the complaint relate to the contents of a federal regulation. The regulation speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint different from this evidence, that characterization is denied.

14.     Paragraph 14 of the complaint contains conclusions of law which require no answer. Paragraph 14 of the complaint refers to the contents of a federal regulation. The regulation speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint different from this evidence, that characterization is denied.

15.     The allegation in Paragraph 15 of the complaint that the Department of Education failed to adequately address the plaintiffs' comments is a question of law which requires no answer.  Proposed Intervenors lack sufficient information to respond

to the remaining factual allegations in Paragraph 15 of the complaint, and those allegations are therefore deemed denied.

16.     Paragraph 16 of the complaint contains conclusions of law which require no answer. The second Sentence of Paragraph 16 of the complaint relates to the contents of a final rule. The final rule speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint different from this evidence, that characterization is denied.

17.     Paragraph 17 of the complaint contains conclusions of law which require no answer.

18.     Paragraph 18 of the complaint contains conclusions of law which require no answer.

19.     Paragraph 19 of the complaint contains conclusions of law which require no answer.

20.     Paragraph 20 of the complaint contains conclusions of law which require no answer.

21.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiffs as alleged in Paragraph 21 of the complaint; thus, they are deemed denied.

22.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Know Your IX as alleged in Paragraph 22 of the complaint; thus, they are deemed denied.

23.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff the Council of Parent Attorneys and Advocates, Inc. as alleged in Paragraph 23 of the complaint; thus, they are deemed denied.

24.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Girls for Gender Equity as alleged in Paragraph 23 of the complaint; thus, they are deemed denied.

25.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Stop Sexual Assault in Schools as alleged in Paragraph 25 of the complaint; thus, they are deemed denied.

26.     Proposed Intervenors admit that Elisabeth D. DeVos is the U.S. Secretary of Education and that she is sued in her official capacity as is alleged in Paragraph 26 of the complaint.

27.     Proposed Intervenors admit that Kenneth L. Marcus is the Assistant Secretary for Civil Rights at the Department of Education, and that he is sued in his official capacity as is alleged in Paragraph 27 of the complaint.

28.     The allegations in Paragraph 28 of the complaint contain conclusions of law which require no answer. Proposed Intervenors admit that the U.S. Department of Education is a cabinet agency within the executive branch of the United States government. Proposed Intervenors admit that the Department of Education is the agency that promulgated the Rule and is responsible for its enforcement. Proposed

Intervenors admit that OCR is the office within ED to which ED has delegated its responsibility for enforcing the Rule.

29.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 29 of the complaint; thus, they are deemed denied.

30.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 30 of the complaint; thus, they are deemed denied.

31.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 31 of the complaint; thus, they are deemed denied.  To the extent that the allegations in paragraph 31 describe a Comment that the American Academy of Pediatrics & Society for Adolescent Health & Medicine submitted to the Department of Education and the studies cited therein, those documents speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

32.     The allegations in Paragraph 32 of the complaint describe an Associated Press review of sexual assault reports. That review speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

33.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 33 of the complaint; thus, they are deemed denied.  The studies and surveys described in Paragraph 33 of the complaint and cited in footnotes 12-14

speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

34.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 34 of the complaint; thus, they are deemed denied. The study cited in footnote 15 speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

35.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 35 of the complaint; thus, they are deemed denied. To the extent that the allegations in Paragraph 35 of the complaint describe a study cited in Comment that the American Academy of Pediatrics & Society for Adolescent Health & Medicine submitted to the Department of Education, that comment speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

36.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 36 of the complaint; thus, they are deemed denied.

37.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 37 of the complaint; thus, they are deemed denied.

38.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 38 of the complaint; thus, they are deemed denied. The

Comment submitted to the Department of Education and the articles cited in this paragraph speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

39.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 39 of the complaint; thus, they are deemed denied. The Comment from the Council of Parent Attorneys & Advocates quoted in Paragraph 39 and cited in Footnote 19 of the complaint speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. The Comment from the Consortium for Citizens with Disabilities quotes in Paragraph 39 and cited in Footnote 20 of the complaint speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

40.     The study described in Paragraph 40 of the complaint speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors deny any remaining allegations in Paragraph 40 of the complaint.

41.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 41 of the complaint; thus, they are deemed denied.

42.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 42 of the complaint; thus, they are deemed denied. The Comment of the American Physiological association and the study cited therein cited at footnote 22 of the complaint speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. The report described in the last sentence of Paragraph 42 and cited in footnote 23 speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

43.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 43 of the complaint; thus, they are deemed denied. The Comment of the Equal Rights Advocates and studies cited therein cited at footnote 24 of the complaint speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. The Comment of the American Physiological association and the study cited therein cited at footnote 25 speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

44.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 44 of the complaint; thus, they are deemed denied. The Comment from the Human Rights Campaign and the survey cited therein cited at

footnote 26 of the complaint speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

45.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 45 of the complaint; thus, they are deemed denied. The Comment from the American Academy of Pediatrics & Society for Adolescent Health & Medicine and the survey cited therein cited at footnote 27 of the complaint speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. The Comment of the American Physiological association and the study cited therein cited at footnote 28 speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

46.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 46 of the complaint; thus, they are deemed denied. The Comment from the Center for Survivor Agency & Justice and the survey cited therein cited at footnote 29 of the complaint speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. The Comment of Legal Momentum and the study cited at footnote 30 speak for themselves and are evidence of their own contents.

To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

47.    Proposed Intervenors admit that Paragraph 47 of the complaint quotes portions of 20 U.S.C § 1681(a) and 20 U.S.C § 1682. This paragraph's characterization of the meaning of those statutes is a legal conclusion to which no answer is required.

48.    Paragraph 48 of the complaint contains conclusions of law which require no answer.

49.    Proposed Intervenors admit the factual allegations in Paragraph 49 and that this paragraph accurately quotes the cited judicial opinion.

50.    Paragraph 50 of the complaint contains conclusions of law which require no answer.

51.    Proposed intervenors lack sufficient information to respond to the allegation contained in Paragraph 51 of the complaint.

52.    Proposed intervenors lack sufficient information to respond to the allegation contained in Paragraph 52 of the complaint.

53.    Proposed intervenors lack sufficient information to respond to the factual allegations contained in Paragraph 53 of the complaint, and those allegations are therefore deemed denied.  To the extent that Paragraph 53 purports to characterize the guidance and enforcement documents cited in footnote 33, those documents speak for themselves and are evidence of their own contents. To the extent that the

characterization in the complaint differs from this evidence, that characterization is denied. The conclusions of law contained in this paragraph require no answer.

54. Proposed intervenors lack sufficient information to respond to the factual allegations contained in Paragraph 54 of the complaint.

55. Proposed intervenors lack sufficient information to respond to the factual allegations contained in Paragraph 55 of the complaint. This paragraph also contains legal conclusions to which no answer is required.

56. Proposed Intervenors admit the first sentence of Paragraph 56. The documents referenced in this paragraph speak for themselves and are evidence of their own contents. To the extent that this paragraph's characterization of the documents differs from the documents themselves, this characterization is denied.

57. Proposed Intervenors admit the factual allegations in Paragraph 57.

58. Proposed Intervenors admit the factual allegations in Paragraph 58.

59. Proposed intervenors lack sufficient information to respond to the factual allegations contained in Paragraph 59.

60. Proposed Intervenors admit the factual allegations in Paragraph 60.

61. Paragraph 61 of the complaint contains conclusions of law which require no answer. To the extent that Paragraph 61 could be construed as containing factual allegations, those allegations are denied.

62.     Paragraph 62 of the complaint contains conclusions of law which require no answer. To the extent that Paragraph 62 could be construed as containing factual allegations, those allegations are denied.

63.     Paragraph 63 of the complaint contains conclusions of law which require no answer. To the extent that Paragraph 63 could be construed as containing factual allegations, those allegations are denied.

64.     Paragraph 64 of the complaint contains conclusions of law which require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 63 of the complaint; thus, they are deemed denied.

65.     Proposed Intervenors admit that Paragraph 65 accurately quotes Section 106.30 of the Rule.

66.     Proposed Intervenors admit that Paragraph 66 accurately quotes the identified federal statute and provisions of the Rule. This paragraph's characterizations of those sources are legal conclusions which require no answer.

67.     Paragraph 67 contains legal conclusions to which no answer is required.

68.     Paragraph 68 contains legal conclusions to which no answer is required.

69.     Paragraph 69 contains legal conclusions to which no answer is required.

70.     Paragraph 70 contains legal conclusions to which no answer is required.

71.     The first sentence of Paragraph 71 of complaint contains conclusions of law which require no answer. Proposed Intervenors lack sufficient information to

respond to the remaining allegations in Paragraph 63 of the complaint; thus, they are deemed denied.

72.     Paragraph 72 contains legal conclusions to which no answer is required.

73.     Paragraph 73 of complaint contains conclusions of law concerning what conduct would violate the Rule; conclusions of law require no answer. Proposed Intervenors lack sufficient information to respond to the paragraph's factual assertions; thus, they are deemed denied.

74.     Paragraph 74 contains conclusions of law to which no answer is required.

75.     Paragraph 75 contains conclusions of law to which no answer is required. To the extent that this paragraph could be construed as containing factual assertions, those assertions are denied.

76.     Paragraph 76 of the complaint contains conclusions of law to which no answer is required. Proposed Intervenors lack sufficient information to respond to the paragraph's factual allegations; thus, those allegations are deemed denied.

77.     Paragraph 77 of the complaint purports to describe previous agency guidance cited in footnote 34.  Those guidance documents speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

78.      Paragraph 78 contains legal conclusions to which no answer is required. The Comments cited in footnote 35 speak for themselves and are evidence of their own

contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

79.    Proposed Intervenors lack sufficient information to respond to the allegations made on Paragraph 79 of the complaint regarding the relative frequency with which sexual assaults occur off campus or school property, the locations where college students live, the frequency with which students studying abroad suffer sexual harassment and assault, or the effects of such assaults; thus, those allegations are deemed denied. The final sentence of Paragraph 79, which alleges that assaults which occur off campus are precluded from review under the Rule is a conclusion of law, and legal conclusions do not require an answer.

80.    Paragraph 80 contains legal conclusions to which no answer is required.

81.    Paragraph 81 contains legal conclusions to which no answer is required. To the extent that this paragraph could be construed as containing factual allegations, those allegations are denied.

82.    The first, third, fourth, and fifth sentences of Paragraph 82 of the complaint contain legal conclusions, and legal conclusions require no answer. The second sentence of paragraph 82 and footnote 41 purport to describe the contents of OCR Case #05-15-1178 and 05-17-1062 (Sept. 12, 2019).  That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

83.     Paragraph 83 contains legal conclusions to which no answer is required. To the extent that this paragraph could be construed as containing factual allegations, those allegations are denied.

84.     Paragraph 84 contains legal conclusions to which no answer is required.

85.     Paragraph 85 contains legal conclusions to which no answer is required.

86.     Paragraph 86 contains legal conclusions to which no answer is required.

87.     The first sentence Paragraph 87 contains legal conclusions to which no answer is required. The second sentence of Paragraph 87 is denied.

88.     Proposed Intervenors admit that Paragraph 88 accurately quotes the Rule.

89.     Proposed Intervenors admit that Paragraph 89 accurately quotes the Rule.

90.     Paragraph 90 contains legal conclusions to which no answer is required.

91.     Paragraph 91 contains conclusions of law to which no answer is required.

92.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 92 of the complaint; thus, they are deemed denied

93.     Paragraph 93 contains legal conclusions to which no answer is required.

94.     Proposed Intervenors deny the factual allegations in Paragraph 94.

95.     Paragraph 95 contains legal conclusions to which no answer is required. To the extent that this paragraph could be construed as containing factual allegations, Proposed Intervenors lack sufficient information to respond to them, and there are thus deemed denied.

96.    Paragraph 96 of the complaint contains a legal conclusion. Legal conclusions do not require an answer. To the extent that this paragraph could be construed as containing factual allegations, those allegations are denied.

97.    Paragraph 97 of the complaint contains a legal conclusion. Legal conclusions do not require an answer. To the extent that this paragraph could be construed as containing factual allegations, those allegations are denied.

98.    Paragraph 98 contains legal conclusions to which no answer is required.

99.    Paragraph 99 contains legal conclusions to which no answer is required. The comments submitted to ED referenced in this paragraph speak for themselves and are evidence of their own content. To the extent that this paragraph's characterization of those comments differs from the comments themselves, the characterization is denied.

100.   Proposed Intervenors admit that Paragraph 100 accurately quotes the cited provision of the Rule.

101.   Proposed Intervenors admit that Paragraph 101 accurately quotes the cited provision of the prior guidance.

102.   Paragraph 102 of the complaint contains a conclusion of law. Legal conclusions do not require an answer.

103.   Paragraph 103 of the complaint contains a legal conclusion to which no answer is required.

104.    Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 104 of the complaint; thus, they are deemed denied

105.    Paragraph 105 of the complaint contains legal conclusions, legal conclusions do not require an answer.

106.    Paragraph 106 contains legal conclusions to which no answer is required.

107.    Proposed Intervenors admit that Paragraph 107 accurately quotes the cited provision of the Rule.

108.    The first two Sentences of Paragraph 108 of the complaint contain legal conclusions that require no answer. The comments cited in footnote 52 speak for themselves and are evidence of their own content. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to any other allegations in Paragraph 108 of the complaint; thus, they are deemed denied.

109.    Proposed Intervenors lack sufficient information to respond to the allegations contained in the first sentence of Paragraph 109 of the complaint; thus, they are deemed denied.  The second sentence in Paragraph 109 of the complaint contains a conclusion of law, and legal conclusions do not require an answer.

110.    Paragraph 110 contains legal conclusions that do not require an answer. To the extent that this paragraph could be construed as containing factual allegations, those allegations are denied.

111.    Paragraph 111 of the complaint contains conclusions of law, and legal conclusions do not require an answer.

112.    Paragraph 112 of the complaint contains conclusions of law, and legal conclusions do not require an answer. Proposed Intervenors deny that ED failed to provide an adequate explanation for the Rule.

113.    Proposed Intervenors deny the factual allegations in Paragraph 113. This paragraph also contains conclusions of law to which no answer is required.

114.    Paragraph 114 of the complaint contains conclusions of law, and legal conclusions do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 114 of the complaint; thus, they are deemed denied.

115.    Paragraph 115 of the complaint contains conclusions of law, legal conclusions do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 115 of the complaint; thus, they are deemed denied.

116.    Paragraph 116 of the complaint contains conclusions of law, legal conclusions do not require an answer. The Comment cited in footnote 54 speaks for itself and is evidence of its own contents, and to the extent that the characterization in the complaint differs from this evidence that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 116 of the complaint; thus, they are deemed denied.

117.    The documents cited in Paragraph 117 speak for themselves and are evidence of their own content. To the extent that this paragraph's characterization of those documents differs from the documents themselves, that characterization is denied.

118.    Paragraph 118 of the complaint contains conclusions of law, legal conclusions do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 118 of the complaint; thus, they are deemed denied. The Comments cited in footnote 55 speak for themselves and are evidence of their own contents, to the extent that the characterization in the complaint differs from this evidence that characterization is denied.

119.    Paragraph 119 of the complaint contains conclusions of law, and legal conclusions do not require an answer. The Comments cited in footnote 56 speak for themselves and are evidence of their own contents, to the extent that the characterization in the complaint differs from this evidence that characterization is denied.

120.    Paragraph 120 of the complaint contains conclusions of law, legal conclusions do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 120 of the complaint; thus, they are deemed denied.

121.    Paragraph 121 contains conclusions of law to which no answer is required. The Comments cited in footnote 57 speak for themselves and are evidence of their own

contents, and to the extent that the characterization in the complaint differs from this evidence that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 121 of the complaint; thus, they are deemed denied.

122.   Paragraph 122 of the complaint contains conclusions of law, and legal conclusions do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 122 of the complaint; thus, they are deemed denied.

123.   Paragraph 123 of the complaint contains conclusions of law, legal conclusions do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 123 of the complaint; thus, they are deemed denied.

124.   Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Know Your IX as alleged in Paragraph 124 of the complaint; thus, they are deemed denied.

125.   Proposed Intervenors lack sufficient information to respond to allegations about the events described in Paragraph 125 of the complaint; thus, they are deemed denied.

126.   Proposed Intervenors lack sufficient information to respond to allegations about the events described in Paragraph 126 of the complaint; thus, they are deemed denied.

127.    Proposed Intervenors lack sufficient information to respond to the allegations contained in Paragraph 127 of the complaint; thus, they are deemed denied.

128.    Proposed Intervenors lack sufficient information to respond to the allegations contained in Paragraph 128 of the complaint; thus, they are deemed denied.

129.    Proposed Intervenors lack sufficient information to respond to the allegations contained in Paragraph 129 of the complaint; thus, they are deemed denied.

130.    Proposed Intervenors lack sufficient information to respond to the allegations contained in Paragraph 130 of the complaint; thus, they are deemed denied.

131.    Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff the Council of Parent Attorneys and Advocates, Inc. or its members as alleged in Paragraph 131 of the complaint; thus, they are deemed denied.

132.    The first and third Sentences of Paragraph 132 of the complaint contain conclusions of law, and conclusions of law do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations contained in Paragraph 132 of the complaint; thus, they are deemed denied.

133.    Paragraph 133 of the complaint contain conclusions of law, and legal conclusions do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations contained in Paragraph 133 of the complaint; thus, they are deemed denied.

134.   Paragraph 134 of the complaint contain conclusions of law, and legal conclusions do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations contained in Paragraph 134 of the complaint; thus, they are deemed denied.

135.   Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Girls for Gender Equity as alleged in Paragraph 135 of the complaint; thus, they are deemed denied.

136.   The first Sentence of Paragraph 136 of the complaint contains conclusions of law, and legal conclusions do not require an answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations contained in Paragraph 136 of the complaint; thus, they are deemed denied.

137.   Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Stop Sexual Assault in Schools as alleged in Paragraph 137 of the complaint; thus, they are deemed denied.

138.   Proposed Intervenors lack sufficient information to respond to the allegations contained in Paragraph 138 of the complaint; thus, they are deemed denied.

139.   Proposed Intervenors lack sufficient information to respond to the allegations contained in Paragraph 139 of the complaint; thus, they are deemed denied.

140.   Proposed Intervenors lack sufficient information to respond to the allegations contained in Paragraph 140 of the complaint; thus, they are deemed denied.

141.    Proposed Intervenors lack sufficient information to respond to the allegations contained in Paragraph 141 of the complaint; thus, they are deemed denied.

142.    Proposed Intervenors incorporate their responses to the prior paragraphs by reference.

143.    The allegations in Paragraph 143 of the complaint contain conclusions of law which require no answer. Proposed Intervenors deny any factual allegations in Paragraph 143.

144.    The allegations in Paragraph 144 of the complaint contain conclusions of law which require no answer. Proposed Intervenors deny any factual allegations in Paragraph 144.

145.    The allegations in Paragraph 145 of the complaint contain conclusions of law which require no answer. Proposed Intervenors deny any factual allegations in Paragraph 145.

146.    The allegations in Paragraph 146 of the complaint contain conclusions of law which require no answer. Proposed Intervenors deny any factual allegations in Paragraph 146.

147.    The unnumbered paragraphs on page 44-45 of the complaint under "PRAYER FOR RELIEF" consists of a prayer for relief that does not require an answer. To the extent a response is required, Proposed Intervenors deny that Plaintiffs are entitled to the relief described.

148.    Proposed Intervenors deny each and every allegation not expressly admitted herein.

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are not justiciable.

### Third Affirmative Defense

Some or all of the relief Plaintiffs seek would violate the First Amendment of the United States Constitution.

### Fourth Affirmative Defense

Some or all of the relief Plaintiffs seek is barred by laches.

### Reservation of Defenses

Proposed Intervenors presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Proposed Intervenors reserve the right to assert additional defenses in this action in the event that discovery or other developments indicate that they would be appropriate.

Dated: June 24, 2020

 */s/  Nicole J. Moss*

Charles J. Cooper (pro hac vice
forthcoming)
Brian W. Barnes (pro hac vice
forthcoming)
Nicole J. Moss (#20222)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
ccooper@cooperkirk.com
bbarnes@cooperkirk.com
nmoss@cooperkirk.com

*Counsel for Foundation for Individual Rights
in Education*

Respectfully submitted,

 */s/ William S. Consovoy*

William S. Consovoy (#20397)
Cameron T. Norris (bar number not yet
assigned)
Alexa R. Baltes (pro hac vice
forthcoming)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
cam@consovoymccarthy.com
lexi@consovoymccarthy.com

*Counsel for Speech First, Inc. and Independent
Women's Law Center*